■ STEPHEN HARBAS, Appellant, v ABBY GILMORE et al., Respondents. [597 NYS2d 704] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered October 21, 1992, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

While we disagree with the IAS Court that plaintiff's absence from work due to his injury necessarily meant that the injury was not a "disability" as defined in Executive Law § 292 (21), qualifying plaintiff to the protection against discrimination afforded by Executive Law § 296 (1) (a) and (e), we nevertheless affirm, since no facts are alleged connecting plaintiff's termination two months after he returned to work to either his disability or his opposition to defendants' alleged discriminatory practices. Only speculation and unsupported conclusions are offered in this regard. The statute does not provide lifelong job assurance to every employee who has ever sustained a qualifying disability. Upon the facts alleged in the complaint, plaintiff, at the time of his termination, was merely an employee at will who could be discharged at any time for any reason or no reason *(Murphy v American Home Prods. Corp.,* 58 NY2d 293), his general references to a disability program as creating an enforceable contract right notwithstanding. *(Sabetay v Sterling Drug,* 69 NY2d 329). We have considered plaintiff's other arguments and find them to be meritless. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONEL LANFRANCO, Appellant. [598 NYS2d 943] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 12, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 6 years to life, unanimously affirmed.

Defendant's claim that the plea allocution is insufficient is unpreserved, and we decline to review it in the interest of justice. Were we to review his claim in the interest of justice, we would find that the claimed discrepancy in the plea allocution, which was brought to defendant's attention at the time of the plea, does not cast doubt on defendant's guilt to the charge to which he pleaded. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.